UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BILLY D. WILLIAMS,              )
                                )
            Plaintiff,          )
      vs.                       )     No. 1:06-cv-1815-DFH-TAB
                                )
SGT. CHARLES WHEELER, et al.,   )
                                )
            Defendants.         )

**Entry Discussing Motion for Summary Judgment**

This cause is before the court on the defendants' motion for summary judgment, and on the evidentiary record pertaining to the motion for summary judgment.

For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

### I. Background

### A. Parties, Claim, and Procedural Posture

As used in this Entry, "Williams" refers to the plaintiff, Billy D. Williams, and "defendants" refers to Sgt. Charles Wheeler, Officer Jeffrey Viewegh, and Officer Mitch Waters. The defendants are police officers.

Williams alleges that the defendants used constitutionally excessive force while arresting him on October 24, 2005. This is a claim against the defendants in their individual capacities and is asserted pursuant to the Fourth Amendment of the United States Constitution.

The defendants seek resolution of this claim through the entry of summary judgment. Summary judgment should be granted only where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the non-moving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted).

In this case, the evidentiary record has been fixed by the closing of the briefing period, which was October 12, 2007. Williams made no response to the motion for summary judgment. Accordingly, the properly supported factual assertions on which the defendants' motion is based are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. The foregoing does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Undisputed Material Facts

The evidentiary record supporting the motion for summary judgment shows the following:

- On October 24, 2005, Williams' vehicle was stopped by Indianapolis Police Department ("IPD") Sgt. Charles Wheeler and Officer Jeffrey Viewegh for not using a turn signal. However, before Williams complied with the police officers' demand to stop his car, he drove into an alley.

- Williams then exited his car, fleeing eastbound on foot through an open field, throwing cocaine that was in his possession onto the ground. At approximately 11:56 p.m. on October 24, 2005, IPD Canine Officer Waters was dispatched to the 900 block of North Concord Street because a canine unit was needed to track down Williams after he fled from Sgt. Charles Wheeler and Officer Jeffrey Viewegh.

- When Officer Waters arrived at the 900 block of North Concord Street, Sgt. Charles Wheeler and Officer Jeffrey Viewegh were guarding their police car, the car that Williams drove, and a quantity of suspected cocaine Williams had thrown while he was being chased by police.

- Officer Waters started to track Williams with his canine, while Sgt. Wheeler and Officer Viewegh remained with the cars and the suspected drugs. Officer Waters' canine tracked Williams to the rear of a house at 941 N. Arnolda, which was located approximately one block from where Officer Waters had started the search.

- Officer Waters noticed Williams curled down next to the porch of 941 N. Arnolda. Williams' right hand was hidden underneath his body, and Officer Waters did not know whether Williams had any weapons on him. Officer Waters orally warned Williams to show the officer his hands and surrender or Officer Waters would unleash his canine.

- Despite Officer Waters' oral warning, Williams did not respond to Officer Waters, did not show Officer Waters his hands, and made no effort to surrender. Because Officer Waters feared that Williams was armed, Officer Waters allowed his canine to engage Williams.

- Officer Waters' canine engaged Williams with a bite to his left forearm. Officer Waters immediately ordered the canine to release his bite, and the canine immediately released. The canine bit and held Williams one time only.

- Williams was arrested for charges of possession of cocaine and marijuana and resisting arrest.

## II. Discussion

Williams' claim is asserted pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343(3). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." This provides the pertinent constitutional provision governing the claim against the defendants. *Graham v. Connor,* 490 U.S. 386, 396 (1989)("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."). Williams does not dispute that his arrest was lawful, and such an arrest justified the use of force by the defendants necessary to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* Nonetheless, the Fourth Amendment prohibits the use of excessive force during the

3

execution of a seizure. *Id.* at 395. *See Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance).

To decide whether the amount of force used during a seizure is "excessive," a court examines the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake. *See Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

> Whether excessive force was used is evaluated under the "objective reasonableness" standard, through which courts assess whether the actor's actions were objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397; *Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001). Factors which are relevant to this evaluation include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. Ultimately, the excessive force inquiry "looks to whether the force used to seize the suspect was excessive in relation to the danger he posed--to the community or to the arresting officers--if left unattended." *McDonald v. Haskins,* 966 F.2d 292, 294 (7th Cir. 1992); *see also Lanigan v. East Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

*Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000). A court is also to consider "whether the citizen was under arrest or suspected of committing a crime, was armed, or was interfering or attempting to interfere with the officer's execution of his or her duties." *Id.* (citing *McDonald v. Haskins,* 966 F.2d 292, 292-93 (7th Cir. 1992)).

The record shows that *excessive* force was not used in apprehending Williams or in effectuating his arrest. This is apparent from the following circumstances:

- Williams had fled from police both in a vehicle and on foot.

- Williams concealed himself in order to avoid detection and apprehension.

- Williams refused to identify himself, refused to reveal whether he was armed, and refused directions from Officer Waters to surrender himself.

- Williams refused to surrender despite having been informed that if he did not do so the police canine would be used.

4

- Although the canine was used and placed a hold on Williams, biting him in the process, the canine was ordered to release his hold as soon as Officer Waters was able to control Williams. The canine immediately complied with the order to release Williams once that order was given.

The use of force to apprehend Williams was justified. The force used was not excessive either in relation to the type of force used or the manner in which it was used. See *Ellis v. Wynalda,* 999 F.2d 243, 247 (7th Cir. 1993) (force that is reasonable while suspect poses threat is no longer reasonable once threat is no longer present).

These determinations are fatal to Williams' claim of excessive force, see *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983), and this conclusion makes it unnecessary to address the defendants' discussion of the second prong of their qualified immunity argument. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). *Saucier,* 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### III. Conclusion

The defendants' motion for summary judgment is therefore **granted,** and judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff, Billy Williams.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:   11/19/2007